**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JAMAAL ALI BILAL**
 f/k/a/ John L. Burton,
            **Petitioner,**

vs.                                                              Case No. 3:06cv355/MCR/MD

**LUCY HADI, Secretary,**
 Florida Department of Children and Families,
            **Respondent.**

**ORDER and
REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of the petition and the court's own records, the undersigned concludes that the petition should be dismissed as an unauthorized second or successive petition.

In this habeas action, petitioner challenges his 2001 civil commitment under the Florida Sexually Violent Predator statute known as the Jimmy Ryce Act (the "Ryce Act"),[1] entered in the Circuit Court of Escambia County Florida, case number 99-1507. Petitioner's commitment was pursuant to a settlement agreement. (Doc. 1, p. 1). Petitioner seeks to challenge his civil commitment on the grounds that (1)

---

[1] The "Jimmy Ryce Act" was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910 (2001). A person who is found, after a hearing, to be a "sexually violent predator" is "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." *Id.,* § 394.917.

"[t]he Ryce Act is unconstitutional in that it constitutes a Supremacy Clause violation as applied to United States veterans," and (2) "[t]he court that civilly committed petitioner did not have the power to do so because it did not have jurisdiction over petitioner['s] veteran status." (*Id.*, p. 4). On the petition form, petitioner states that he previously filed a § 2254 petition regarding the validity of his state court confinement in Case Number 3:06cv224, Case Number 3:06cv326 and Case Number 3:06cv325. (Doc. 1, p. 3). He attaches to his petition a copy of an order from the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") denying his application for leave to file a second or successive habeas corpus petition. (*Id.*, Attach.).

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Rule 9, Rules Governing Section 2254 Cases (2005); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). The court takes judicial notice of its own records in *Bilal v. Regier*, Case Number 3:02cv362/LAC/MD. There, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his civil commitment. The petition was denied. (*Id.*, docs. 197, 205 & 206). Petitioner appealed. On June 7, 2005 the Eleventh Circuit denied petitioner's motion for certificate of appealability and dismissed his appeal. (*Id.*, doc. 258). Petitioner later applied to the Eleventh Circuit for leave to file a second or successive habeas petition. (*Id.*, doc. 266).[2] The Eleventh Circuit denied the application on August 12, 2005. (*Id.*). Petitioner then filed another application in the Eleventh Circuit requesting leave to file a second or successive habeas petition. *See In re Jamaal Ali Bilal*, No. 06-11662-F (11th Cir. Mar. 31, 2006) (copy at doc. 1, Attach.). The Eleventh Circuit denied the application on March 31, 2006. (*Id.*).

The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit

---

[2] *See also* http://pacer.ca11.uscourts.gov/dktno.htm.

Court of Appeals in order to file this petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. See *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir.), *cert. denied*, 536 U.S. 980, 123 S.Ct. 15, 153 L.Ed.2d 878 (2002). For this reason, this case will be dismissed without prejudice.

Accordingly, it is ORDERED:

Petitioner's motion for leave to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

1. That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE to petitioner refiling it upon receipt of the requisite authorization from the Eleventh Circuit.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 25th day of August, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:06cv355/MCR/MD*